# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOC PHAT LE, | Case No. 1:12-cv-00460-AWI-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS** |
| v. | |
| JOHN CHOKATOS, et al., | ECF No. 1 |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.     Background**

Plaintiff Loc Phat Le ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On March 27, 2012, Plaintiff filed his complaint. ECF No. 1. On October 19, 2012, the Court screened Plaintiff's complaint and found that it stated a cognizable Eighth Amendment claim against Defendant Chokatos, but failed to state any other claims against any other Defendants. ECF No. 9. Plaintiff was provided the opportunity to either file an amended complaint or notify the Court that he wished to proceed only on the cognizable claims. On November 1, 2012, Plaintiff notified the Court that he did not wish to amend and would proceed against Defendant Chokatos. ECF No. 10. The Court issues the following Findings and Recommendation.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Complaint

Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events alleged in this action occurred. Plaintiff names as Defendants medical doctor John Chokatos, chief executive officer of healthcare services Anthony S. Lonigro, warden R. H. Brazelton, and secretary of CDCR Matthew Cate.

Plaintiff alleges the following. On May 30, 2011, Plaintiff collapsed in his unit cell. Compl. ¶ 9. Plaintiff had excruciating pain in his legs and ankles, swollen ankles, calves, and knees, dizziness, and fever. Compl. ¶ 9. A fellow prisoner, Le Kim, aided Plaintiff to his feet and practically carried him to the C-Facility medical center. Compl. ¶ 9. Because Plaintiff's English was sub-standard, Kim served as an interpreter. Compl. ¶ 9. Defendant Chokatos heard Plaintiff's the description of Plaintiff's symptoms and accused Plaintiff feigning them. Compl. ¶ 9. Defendant Chokatos told Kim to get out. Compl. ¶ 9.

During the medical exam, Defendant Chokatos tapped the back of Plaintiff's knees and ankles with a rubber mallet. Compl. ¶ 9. Defendant Chokatos then told Plaintiff that he could go. Compl. ¶ 9. Plaintiff made several attempts to tell Defendant Chokatos of the excruciating pain and what his specific symptoms were, but was ignored and dismissed from the medical center. Compl. ¶ 9. Plaintiff persisted, and Defendant Chokatos motioned a correctional officer over and order

Plaintiff to get up. Compl. ¶ 9. Fearing for his safety, Plaintiff left the clinic. Compl. ¶ 9. Plaintiff contends that Defendant Chokatos has a pattern and practice of minimizing healthcare that is to be administered. Compl. ¶ 10. Plaintiff was later diagnosed with cancer.

Plaintiff contends a violation of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, Title II of the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act. Plaintiff requests as relief compensatory and punitive damages, declaratory relief, and costs of suit.

**III.   Analysis**

   **A.   Supervisory Liability**

Plaintiff names Defendants Lonigro, Brazelton, and Cate, but fails to allege any facts which indicate that these Defendants violated Plaintiff's rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

To the extent that Plaintiff alleges liability against Defendants solely based on their supervisory roles, Plaintiff fails to state a claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Allegations that Defendants Lonigro, Brazelton, and Cate are responsible because of their supervisory role amounts at most to

liability under a *respondeat superior* theory, which fails to state a claim.

### B.     Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff states an Eighth Amendment claim against Defendant Chokatos. Plaintiff satisfies the first prong by alleging sufficient facts which indicate that he faced an excessive risk of serious harm to his health. Plaintiff satisfies the second prong by alleging sufficient facts which indicate that Defendant Chokatos acted with deliberate indifference to a serious medical need. Defendant Chokatos was notified that Plaintiff was suffering excruciating pain, dizziness, a fever, and swollen ankles, calves, and legs. Defendant Chokatos, however, failed to provide treatment.

### C.     Equal Protection

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). If Plaintiff's membership is not in a protected class, then "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne*, 473 U.S. at 440.

Plaintiff fails to allege facts which indicate that he was discriminated against because of his disability. Plaintiff thus fails to state an Equal Protection claim.

### D.     ADA and Rehabilitation Act

In order to state a claim under Title II of the ADA and the Rehabilitation Act, a plaintiff must allege that: (1) she is an individual with a disability under the Act; (2) she is "otherwise qualified" to participate in or receive the benefit of the entity's services, programs, or activities, i.e., she meets the essential eligibility requirements of the entity, with or without reasonable accommodation; (3) she was either excluded from participation in or denied the benefits of the entity's services, programs, or activities, or was otherwise discriminated against by the public entity solely by reason of her disability; and (4) the entity is a public entity (for the ADA claim) or receives federal financial assistance (for the Rehabilitation Act claim). *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir.1999).

Plaintiff alleges no facts which indicate that Plaintiff was discriminated against on the basis of a disability. To the extent that Plaintiff complains of the medical treatment that he received, Plaintiff does not state an ADA or Rehabilitation Act claim. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Pierce v. County of Orange*, 526 F.3d 1190, 1216 n.27 (9th Cir. 2008) (finding there is no significant difference between the Rehabilitation Act and the ADA).

### IV.    Conclusion and Recommendation

Plaintiff states a cognizable claim against Defendant Chokatos for deliberate indifference to a

serious medical need in violation of the Eighth Amendment.  Plaintiff does not state any other claims against any other Defendants.  Plaintiff was provided the opportunity to file an amended complaint to cure the deficiencies identified.  Plaintiff notified the Court that he is willing to proceed only on the cognizable claim against Defendant Chokatos.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceeds against Defendant Chokatos for deliberate indifference to a serious medical need in violation of the Eighth Amendment;

2. All other claims be dismissed with prejudice for failure to state a claim upon which relief may be granted; and

3. Defendants Lonigro, Brazelton, and Cate be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 5, 2012**                    /s/ Dennis L. Beck
                                                 UNITED STATES MAGISTRATE JUDGE