# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOC PHAT LE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN CHOKATOS,<br><br>　　　　Defendant. | Case No. 1:12-cv-00460 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S FAILURE TO FOLLOW COURT ORDER |

   Plaintiff Loc Phat Le ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 27, 2012. This action is proceeding on Plaintiff's complaint against Defendant John Chokatos ("Defendant") for violation of the Eighth Amendment of the United States Constitution.

   On September 17, 2014, the Court granted Defendant's motion to compel Plaintiff to provide initial disclosures and respond to his interrogatories and request for production of documents. Plaintiff was ordered to file a notice of compliance within thirty (30) days of the date of service of the order. Over thirty (30) days have passed and Plaintiff has failed to comply.  Plaintiff was forewarned that failure to comply would result in sanctions, including possible dismissal of the action.

   In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for over two years.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Id. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.

With respect to the fifth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, Plaintiff was warned of the consequences of failing to respond to the Court's order.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's order of September 17, 2014.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after date of service of these Findings and Recommendations, the parties may file written

objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 2, 2014**  /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE